| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Sergey | Vladimirovich | Ponomarev |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number  18-59108
(if known)

S P

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1; 3.1; 3.3; 4.3

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

*Check if applicable.*

☒ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |

S P

Debtor  Sergey Vladimirovich Ponomarev                                     Case number 18-59108

### Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*  ☐ 36 months    ☒ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ___$400.00___ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☒ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
| June 2021 | $1,775.00 per month | End of Alimony monthly payments. |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☒ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years ___2018, 2019, 2020, 2021, 2022___, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4  Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

S P

| Debtor | Sergey Vladimirovich Ponomarev | Case number | 18-59108 |
|---|---|---|---|

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Part 3: Treatment of Secured Claims

### § 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing | 355 Avebury Ct Alpharetta, GA 30022 | $16,229.75 | 0% | $100.00 increasing to $150.00 in September 2020 increasing to $700 in June 2021. |

Debtor Sergey Vladimirovich Ponomarev                               Case number 18-59108

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Breckenridge Homeowners Association | 355 Avebury Ct Alpharetta, GA 30022 | $6,420.50 | 0 % | $50.00 increasing to $120.00 in September 2020 increasing to $600.00 in June 2021. |

§ 3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

§ 3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| US BANK | 2013 Subaru Crosstrek | 01/01/2013 | $7,085.77 | 5.75% | $50.00 | $50.00 increasing to $100.00 in September 2020 increasing to $341.00 in June 2021. |

§ 3.4 **Lien avoidance.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

§ 3.5 **Surrender of collateral.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

S P

Debtor  Sergey Vladimirovich Ponomarev                      Case number  18-59108

### § 3.6  Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of  4.75  %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4:  Treatment of Fees and Priority Claims

### § 4.1  General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2  Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3  Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $  4,310.00  . The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $  170.00  per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $  2,810.00  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $  2,810.00  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4  Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☐ The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

Debtor  Sergey Vladimirovich Ponomarev          Case number 18-59108         S P

☒ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| − | Marina Kim 10695 Weir War Apharetta, GA 30022 | Fulton County Atlanta Division of Child Support Services 1526 E Forrest Ave Ste 300 Atlanta, GA 30344 | $0.00 | $0.00 |
| − | Ekaterina Ponomarev 355 Avebury Ct Alpharetta, GA 30022 | Fulton County Superior Court 185 Centra Ave SW Atlanta, GA 30303 | $0.00 | $0.00 |

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| − | Internal Revenue Service; P.O. Box 7346 Philadelphia, PA 19101 | $0.00 |
| − | Georgia Department of Revenue; 1800 Century Blvd., Suite 17200 Atlanta, GA 30345 | $0.00 |

### Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ A pro rata portion of the larger of (1) the sum of $ __10,000.00__ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

### Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

S P

Debtor  Sergey Vladimirovich Ponomarev                                  Case number  18-59108

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)***

Child Support payments will continue to be made direct to the child-support holder outside of the plan.

---

| Part 9: | Signatures |

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

✗ /s/ Sergey Vladirmirovich Ponomarev
Signature of debtor 1 executed on  4/10/2019
                                   MM / DD / YYYY

✗ _____
Signature of debtor 2 executed on _____
                                  MM / DD / YYYY

355 Avebury Ct.  Alpharetta, GA 30022
Address                              City, State, ZIP code

Address                              City, State, ZIP code

✗ /s/ Philip William Lehman, 762693
Signature of attorney for debtor(s)

Date: 4/10/2019
      MM / DD / YYYY

The Semrad Law Firm, LLC
Firm

303 Perimeter Center N Suite 201                 Atlanta, GA 30346
Address                                          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | { | CHAPTER 13 |
| | { | |
| SERGEY VLADIMIROVICH PONOMAREV, | { | |
| | { | |
| | { | CASE NO. 18-59108-JWC |
| DEBTOR. | { | |

CERTIFICATE OF SERVICE

I hereby certify that I am more than 18 years of age and that I have this day served a copy of the within Amended Plan upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery.

**Sergey Ponomarev**
**355 Avebury Ct.**
**Alpharetta, GA 30022**

**(see below for additional mailing matrix)**

I further certify that, by agreement of parties, Nancy J. Whaley, Standing Chapter 13 Trustee, was served via ECF.

Dated: April 11, 2019

<u>Philip Lehman /s/</u>
Philip Lehman
Attorney for the Debtor
GA Bar No. 762693
The Semrad Law Firm, LLC
303 Perimeter Center North
Suite 201
Atlanta, GA 30346
(678) 668-7160

```
Label Matrix for local noticing              AMEX                                         AMEXDSNB
113E-1                                       PO box 981540                                9111 DUKE BLVD
Case 18-59108-jwc                            El Paso, TX 79998-1540                       MASON, OH 45040-8999
Northern District of Georgia
Atlanta
Thu Apr 11 08:26:10 EDT 2019

Aldridge Pite                                American Express National Bank               John D. Andrle
3575 Piedmont Road NE                        c/o Becket and Lee LLP                       Cobb, Olson & Andrle, LLC
Suite 500                                    PO Box 3001                                  Suite 160-B
Atlanta, GA 30305-1636                       Malvern  PA 19355-0701                       500 Sugar Mill Road
                                                                                          Atlanta, GA 30350-6436

Ashley Funding Services, LLC ISAOA as assign Ashley Funding Services, LLC its successors  Breckenridge Club Homeowners Association
Laboratory Corp of America Holdings          assigns as assignee of Laboratory            508 Playmore Ln
Resurgent Capital Services                   Corporation of America Holdings              Loganville, GA 30052
PO Box 10587                                 Resurgent Capital Services
Greenville, SC 29603-0587                    PO Box 10587
                                             Greenville, SC 29603-0587

Breckenridge Homeowners Association, Inc.    Breckenridge Homeowners Association, Inc.    CBNA
c/o The Cobb, Olson, & Andrle, LLC.          500 Sugar Mill Road Suite 160B               Po Box 6497
5900 Windward Parkway, Suite 390             Atlanta, GA 30350-6436                       Sioux Falls, SD 57117-6497
Alpharetta, GA 30005-5479


Cigna                                        DISCOVER FIN SVCS LLC                        Department Stores National Bank
525 W Monroe St #300                         PO Box 3025                                  c/o Quantum3 Group LLC
Chicago, IL 60661-3619                       New Albany, OH 43054-3025                    PO Box 657
                                                                                          Kirkland, WA 98083-0657


Department of Justice, Tax Division          Discover Bank                                Courtney Dixon
75 Spring Street SW                          Discover Products Inc                        Atlanta Legal Aid Society
Civil Trial Section, Southern                PO Box 3025                                  54 Ellis Street, NE
Atlanta, GA 30303-3315                       New Albany, OH  43054-3025                   Atlanta, GA 30303-2097


Fulton County Atlanta Division of Child Supp Fulton County Superior Court                 Fulton Superior Court Clerk
1526 E Forrest Ave Ste 300                   185 Centra Ave SW                            136 Pryor St SW
Atlanta, GA 30344-6986                       Atlanta, GA 30303-3690                       Atlanta, GA 30303-3435


(p)GEORGIA DEPARTMENT OF REVENUE             Internal Revenue Service                     Internal Revenue Service - Atl
COMPLIANCE DIVISION                          PO Box 7346                                  401 W Peachtree St NW M/S 334D
ARCS BANKRUPTCY                              Philadelphia, PA 19101-7346                  Atlanta, GA 30308
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202


John Andrle                                  Kaiser Permanente                            Kim, Marina
500 Sugar Mill Road Suite 160B               913 Talley St                                10695 Weir Way
Atlanta, GA 30350-6436                       Hampton, GA 30228-6343                       Alpharetta, GA 30022-8166


Kroll, Mark                                  Araba Andoh Kwofie                           Philip William Lehman
980 Pine Grove Road                          The Semrad Law Firm, LLC                     The Semrad Law Firm, LLC
Roswell, GA 30075-3211                       Suite 201                                    Suite 201
                                             303 Perimeter Center North                   303 Perimeter Center N
                                             Atlanta, GA 30346-3425                       Atlanta, GA 30346-3425
```

```
Magistrate Court of Fulton County      Miller & Miller, LLC                    NEWPENNFIN-SHELLPOINTM
185 Central Ave SW                     3399 Peachtree Road                     55 BEATTIE PL STE 110
Atlanta, GA 30303-3519                 Suite 400                               GREENVILLE, SC 29601-5115
                                       Atlanta, GA 30326-2825


NORDSTROM/TD BANK USA                  New Penn Financial, LLC                 Office of Attorney General
PO BOX 6555                            d/b/a Shellpoint Mortgage Servicing     40 Capitol Sq Sw
ENGLEWOOD, CO 80155-6555               PO Box 10826                            Atlanta, GA 30334-9057
                                       Greenville, SC  29603-0826


Olson, Frank R                         Bobby Shane Palmer                      Sergey Vladimirovich Ponomarev
500 Sugar Mill                         The Semrad Law Firm                     355 Avebury Ct
Suite 160B                             303 Perimeter Center North, Suite 201   Alpharetta, GA 30022-5879
Atlanta, GA 30350-6436                 Atlanta, GA 30346-3425


Ponomarev, Ekaterina                   (p)PORTFOLIO RECOVERY ASSOCIATES LLC    Special Assistant U.S. Attorney
322 Avebury Ct                         PO BOX 41067                            401 W. Peachtree Street, NW, STOP 1000-D
Alpharetta, GA 30022                   NORFOLK VA 23541-1067                   Atlanta, GA 30308


State Court of Fulton County           (p)US BANK                              United States Attorney
185 Central Ave SW                     PO BOX 5229                             Northern District of Georgia
Atlanta, GA 30303-3519                 CINCINNATI OH 45201-5229                75 Ted Turner Drive SW, Suite 600
                                                                               Atlanta GA 30303-3309


United States Attorney's Office        Nancy J. Whaley
75 Spring Street, S.W., Suite 600, U.S. Nancy J. Whaley, Standing Ch. 13 Trustee
Atlanta, GA 30303-3309                 303 Peachtree Center Avenue
                                       Suite 120, Suntrust Garden Plaza
                                       Atlanta, GA 30303-1216
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Department of Revenue          Portfolio Recovery Associates, LLC      U.S. Bank National Association
1800 Century Boulevard                 POB 41067                               Bankruptcy Department
c/o T Truong                           Norfolk VA 23541                        PO Box 5229
Atlanta, GA 30345                                                              Cincinnati, Ohio 45201-5229


(d)US Bank
Po Box 790408
Saint Louis, MO 63179
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)John D. Andrle                (u)Ekaterina Ponomarev              End of Label Matrix
Cobb, Olson & Andrle, LLC                                            Mailable recipients   46
Suite 160-B                                                          Bypassed recipients    2
500 Sugar Mill Road                                                  Total                 48
Atlanta, GA 30350-6436
```